**PET**
ROBERT K. PHILLIPS
Nevada Bar No. 11441
MICHAEL A. ARATA
Nevada Bar No. 11902
**PHILLIPS, SPALLAS & ANGSTADT, LLC**
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510
(702) 938-1511 (Fax)
rphillips@psalaw.net
marata@psalaw.net

*Attorneys for Defendant*
*WAL-MART STORES, INC.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANN CROPPER, as Special Administrator of the ESTATE OF DARYL CROPPER, Deceased; and ANN CROPPER, individually and as heir to the ESTATE OF DARYL CROPPER,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES INC., DOES MAINTENANCE COMPANY; DOES 1-20; and ROE BUSINESS ENTITIES 1-20, inclusive,<br><br>Defendants. | Case No.:<br><br>[District Court, Clark County Case No.: A-19-787738-C, Dept. No.: XIX]<br><br>**DEFENDANT WALMART STORES, INC.'S PETITION FOR REMOVAL OF CIVIL ACTION**<br><br>**[JURY DEMAND]** |

COMES NOW, Petitioner WALMART STORES, INC. (hereinafter "Petitioner"), by and through its counsel of record, the law offices of PHILLIPS, SPALLAS & ANGSTADT, LLC, and hereby submits the following memorandum in support of its Petition for Removal of Jurisdiction to Federal Court:

I.

Petitioner WALMART STORES, INC. is currently the sole named Defendant in the above-captioned action.

II.

The above-entitled action was commenced by Plaintiff ANN CROPPER, in both her individual capacity and as the Special Administrator of the ESTATE OF DARYL CROPPER, (hereinafter "Plaintiff") on January 16, 2019 in the Eighth Judicial District, Clark County, Nevada and is currently pending in that court. Plaintiff served her Complaint and Demand for Jury Trial on Defendant's registered agent on January 21, 2019. A true and correct copy of Plaintiff's operative Complaint is attached hereto as **Exhibit "A."** After Defendant filed a timely Answer, Plaintiff filed a Petition for Exemption from Arbitration on March 7, 2019. A true and correct copy of Plaintiff's Petition for Exemption from Arbitration (hereinafter "Petition for Exemption") is attached hereto as **Exhibit "B."**

Plaintiff's March 7, 2019 Petition for Exemption is the "first paper" received by Petitioner from which removability may clearly be ascertained that the amount in controversy in this action exceeds $75,000.00. In her Petition for Exemption, Plaintiff alleges that while her husband was a customer at Walmart Store #3473 located at 4505 West Charleston Blvd., Las Vegas, Nevada 89102 on February 9, 2017, "he tripped and fell on deteriorated asphalt in the parking lot of the Property, and died from his injuries." (Ex. B at 2:3-8.) As a result of the incident, Plaintiff claims that her husband, before his death, incurred medical specials totaling **$150,917.00**. (*Id.* at 2:16-28.)

Taking into account her past specials alone, Plaintiff's claimed damages far exceed $75,000.00. As such, the 28 U.S.C. §1446(b)'s $75,000 amount in controversy requirement is met.

III.

This Petition is timely filed pursuant to 28 U.S.C. § 1446(b) and FRCP 6(d).

IV.

This is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. §1332(a) and is one which may be removed to this Court by Petitioner, pursuant to 28 U.S.C. § 1441(a).

V.

Petitioner is informed, believes, and thereon alleges that Plaintiff is, and was at the time this action was commenced, a citizen of the State of Nevada.

///
///

VI.

Petitioner is, and was, at the time this action was commenced, a Delaware corporation with its principal place of business in the State of Arkansas. As such, Petitioner is a citizen of the State of Delaware and citizen of the State of Arkansas.

VII.

The above-entitled civil action is for personal and economic damages Plaintiff allegedly incurred after her husband tripped and fell at Walmart Store #3473 located at 4505 West Charleston Blvd., Las Vegas, Nevada 89102 (Clark County) and subsequently died from his injuries.

VIII.

A copy of Petitioner's Petition for Removal of Civil Action, seeking removal of the above-entitled action to the United States District Court, District of Nevada, together with a copy of the Summons and Plaintiff's Complaint, have been deposited with the Deputy Clerk in the County Clerk's office for the Eighth Judicial District Court in and for Clark County, Nevada.

IX.

True and correct copies of all pleadings and papers served upon Petitioner in the above-entitled action are filed herewith.

X.

This Petition is filed with the Court within thirty (30) days after Petitioner was served with Plaintiff's Petition for Exemption. Plaintiff's Petition for Exemption was the "first paper" that put Petitioner on notice that Plaintiff's claimed damages clearly exceed the $75,000.00 federal diversity jurisdiction threshold. Given the amount of her deceased husband's past medical specials ($150,917.00), her claimed damages *clearly total over* $75,000.00. Therefore, Plaintiff's anticipated damages meets 28 U.S.C. §1332(b)'s amount in controversy requirement. *See* 28 U.S.C. §1332(a) (2015); *see also Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (reversing dismissal for lack of jurisdiction, relying, in part, on estimated future medical expenses to determine that the amount in controversy exceeded the jurisdictional amount); *see also Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999) (holding that it was facially apparent from plaintiff's Complaint that claims exceeded $75,000.00 where plaintiff alleged property damage, travel expenses, an emergency

ambulance trip, a six-day hospital stay, pain and suffering, humiliation and a temporary inability to do housework); *see also White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (holding that it was facially apparent that plaintiff's wrongful termination exceeded $75,000.00 based on the lengthy list of compensatory and punitive damages combined with a claim for attorney fees in her Complaint).

As such, it is undeniable that Plaintiff's claims for damages and the diversity of the parties meet the requisite requirements set forth by 28 U.S.C. §1441(b) and 28 U.S.C. §1332.

## PRAYER

WHEREFORE, Defendant prays that the above-entitled action be removed from the Eighth Judicial District Court in and for Clark County, Nevada, to this Court.

DATED this 11th day of April, 2019.

**PHILLIPS, SPALLAS & ANGSTADT, LLC**

*/s/ Michael A. Arata*
_____

MICHAEL A. ARATA
Nevada Bar No. 11902
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510

*Attorneys for Defendant*
*Walmart Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of April, 2019, I served a true and correct copy of the foregoing, **DEFENDANT WALMART STORES, INC.'S PETITION FOR REMOVAL OF CIVIL ACTION [JURY DEMAND]**, as follows:

☐ By facsimile addressed to the following counsel of record, at the address listed below:

☐ By placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada;

☐ By Hand Delivery (ROC); and/or

☒ By Electronic Filing/Service Notification to:

| ATTORNEY OF RECORD | TELEPHONE/FAX | PARTY |
|---|---|---|
| TRAVIS DUNSMOOR, ESQ.<br>Nevada Bar No. 13111<br>RICHARD HARRIS LAW FIRM<br>801 South Fourth Street<br>Las Vegas, NV 89101 | Phone 702-444-4444<br>Fax    702-444-4455 | Plaintiff |

An Employee of PHILLIPS, SPALLAS & ANGSTADT, LLC