# Exhibit "A"

Plaintiff's Complaint

SUMM

# District Court

## CLARK COUNTY, NEVADA

A-19-787738-C

ANN CROPPER, as Special Administrator of the
ESTATE OF DARYL CROPPER, Deceased; and
ANN CROPPER, individually and as heir to the
ESTATE OF DARYL CROPPER,
               Plaintiffs,

vs.

WAL-MART STORES, INC., DOE
MAINTENANCE COMPANY; DOES 1-20 and
ROE BUSINESS ENTITIES 1-20, inclusive,
               Defendants.

CASE NO.
DEPT. NO.

Department 19

## SUMMONS
## to WAL-MART STORES, INC.

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

### WAL-MART STORES, INC.

1.    If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

    (a)    File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

    (b)    Serve a copy of your response upon the attorney whose name and address is shown below.

2.    Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.    The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint

Submitted by:

*/s/ Travis H. Dunsmoor*

**TRAVIS H. DUNSMOOR, ESQ.**
Nevada Bar No: 13111
**RICHARD HARRIS LAW FIRM**
801 South 4th Street
Las Vegas, NV 89101
702-444-4444
*Attorneys for Plaintiff*

STEVEN D. GRIERSON
CLERK OF COURT

1/18/2019

By:

**DEPUTY CLERK**      Date
Regional Justice Center    Yvonne Hernandez
200 Lewis Avenue
Las Vegas, NV 89155

Electronically Filed
1/16/2019 5:48 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
TRAVIS DUNSMOOR, ESQ.
Nevada Bar No. 13111
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
Phone: (702) 444-4444
Fax: (702) 444-4455
E-Mail: travis@RichardHarrisLaw.com
*Attorneys for Plaintiff Ann Cropper*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| ANN CROPPER, as Special Administrator of the ESTATE OF DARYL CROPPER, Deceased; and ANN CROPPER, individually and as heir to the ESTATE OF DARYL CROPPER, <br><br>                Plaintiffs, <br><br> vs. <br><br> WAL-MART STORES, INC., DOE MAINTENANCE COMPANY; DOES 1-20 and ROE BUSINESS ENTITIES 1-20, inclusive, <br><br>                Defendants. | CASE NO.: A-19-787738-C <br><br> Department 19 <br><br> DEPT. NO.: |

**PLAINTIFF'S COMPLAINT**

COMES NOW, Plaintiff ANN CROPPER, as Special Administrator of the ESTATE OF DARYL CROPPER, Deceased; and ANN CROPPER, individually and as heir to the ESTATE of DARYL CROPPER, by and through her counsel, TRAVIS DUNSMOOR, ESQ. of the RICHARD HARRIS LAW FIRM, and for his causes of action against Defendants, and each of them, complains and alleges as follows:

**PARTIES & JURISDICTION**

1.  Plaintiff ANN CROPPER (hereinafter "Plaintiff") is, and at all times mentioned herein was, a resident of the State of Nevada.

1

2.     Defendant WAL-MART STORES, INC., was at all times mentioned herein, and remains a business entity formed under the laws of the State of Arkansas.

3.     The identity of DOE MAINTENANCE COMPANY is unknown at this time; however, Plaintiff believes DOE MAINTENANCE COMPANY to be the maintenance company for the subject property.  Plaintiff requests leave of the Court to amend this Complaint to name DOE MAINTENANCE COMPANY specifically when its identity becomes known.

4.     Defendants DOES 1-5 and ROE BUSINESS ENTITIES 1-5 are other owners or operators of the property located at 4505 W. Charleston Boulevard, Las Vegas, Nevada ("the Property").

5.     Defendants DOES 6-10 and ROE BUSINESS ENTITES 6-10 are the managers or controllers of common areas of the Property.

6.     Defendants DOES 11-15 and ROE BUSINESS ENTITIES 11-15 are the designers and maintenance providers for the Property.

7.     Defendants DOES 16-20 and ROE BUSINESS ENTITIES 16-20 are the construction companies, sub-contractors, vendors, inspectors or other persons responsible for installation and construction of the area on the Property where the subject incident occurred.

8.     That the true names and capacities of the remaining Defendants designated herein as Doe or Roe Business Entities are presently unknown at this time to Plaintiff, who therefore sues said Defendants by such fictitious names — these entities would specifically include owners associations presently unknown.  When the true names and capacities of these defendants are ascertained, Plaintiff will amend this Complaint accordingly.

9.     That at all times pertinent, Defendants and each of them were agents, servants, employees or joint venturers of every other Defendant herein, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

## FACTS COMMON TO ALL CAUSES OF ACTION

10.  That on or about February 9, 2017, DARYL CROPPER, Deceased, was a customer at Wal-Mart and as he was walking through the Property, he tripped and fell on deteriorated

2

1    asphalt in the parking lot of the Property.

2        11.   That DARYL CROPPER died from his injuries.

3        12.   Upon information and belief, this dangerous condition was caused as a direct result
4    of the Defendants' failure to inspect and/or maintain the Property in a reasonable and safe manner.

5        13.   Defendants maintained and were in exclusive control of the Property.

6        14.   Defendants knew, or reasonably should have known, that the dangerous condition
7    existed on or about the Property.

8        15.   Defendants failed to inspect, remedy or otherwise make safe, the dangerous condition
9    existing on or about the Property.  Accordingly, Defendants negligently, carelessly, and recklessly
10   maintained and allowed the dangerous condition to exist.

11       16.   Defendants should have warned or otherwise made safe the dangerous condition in
12   the parking lot where Defendant's customers would walk through to access the store.

13                              **FIRST CLAIM FOR RELIEF**

14                                   **(Negligence)**

15       17.   Plaintiff incorporates paragraphs 1 through 16 of the Complaint as if those paragraphs
16   were fully incorporated and set forth herein.

17       18.   Defendants owed Plaintiff a duty of care to inspect and remedy this condition and
18   breached this duty of care by failing inspect, or otherwise failing to repair the dangerous
19   condition.

20       19.   Defendants' negligence directly and proximately caused Plaintiff serious injury.

21       20.   As a direct and proximate result of Defendants' negligence, Plaintiff received medical
22   and other treatments for injuries sustained to body, limbs, organs and nervous systems, all or some
23   of which conditions may be permanent and disabling and, all to Plaintiff's damage in a sum in
24   excess of $15,000.00.  That said services, care, and treatment are continuing and shall continue
25   in the future.

26       21.   As a direct and proximate result of Defendants' negligence, Plaintiff has been
27   required to and has limited certain occupational and recreational activities, which have caused,
28   and shall continue, along with loss of earnings and future earning potential.

3

22. As a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## SECOND CLAIM FOR RELIEF

### (Negligent Hiring, Training and Supervision)

23. Plaintiff incorporates paragraphs 1 through 22 of the Complaint as if those paragraphs were fully incorporated and set forth herein.

24. Defendants owed Plaintiff a duty of care to ensure that its employees were properly hired, trained and supervised to ensure that the Property remained in a safe condition and free of hazardous conditions throughout the Property.

25. Defendants were aware, or should have been in the exercise of reasonable diligence, discovered through inspection and maintenance, and also being informed of the condition and created a hazard for Defendant's guests.

26. As a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatments for injuries sustained to body, limbs, organs and nervous systems, all or some of which conditions may be permanent and disabling and, all to Plaintiff's damage in a sum in excess of $15,000.00. That said services, care, and treatment are continuing and shall continue in the future.

27. As a direct and proximate result of Defendants' negligence, Plaintiff has been required to and has limited certain occupational and recreational activities, which have caused, and shall continue, along with loss of earnings and future earning potential.

28. As a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## THIRD CLAIM FOR RELIEF

### (Wrongful Death)

29. Plaintiff incorporates paragraphs 1 through 28 of the Complaint as if those paragraphs were fully incorporated and set forth herein.

4

30. DARYL CROPPER's death was due to Defendant's negligence in maintaining safe premises for customer use.

31. That as a direct and proximate cause of Defendants' negligence, and each of them, DARYL CROPPER suffered disfigurement and extreme pain and suffering in an amount in excess of $15,000.

32. In accordance with the Nevada Revised Statutes Chapter 41, Plaintiff and heirs to the Estate of DARYL CROPPER are entitled to recover special damages in accordance with the Nevada Revised Statutes for DARYL CROPPER's injuries and for Plaintiff and heir's grief, sorrow, loss of companionship, society and comfort in an amount in excess of $15,000.

33. It has been necessary for Plaintiff to retain an attorney to prosecute this cause of action and she is entitled to attorney fees and costs.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

RICHARD HARRIS
LAW FIRM

5

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, expressly reserving the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays judgment against the Defendants, and each of them, as follows:

1. General damages sustained by Plaintiff in an amount in excess of $15,000.00;

2. Special damages to be determined at the time of trial;

3. Medical and incidental expenses already incurred and to be incurred;

4. Reasonable attorney's fees and costs of suit;

5. Interest at the statutory rate; and

6. For such other relief as the Court deems just and proper.

DATED THIS 14th day of January, 2019.

RICHARD HARRIS LAW FIRM

*/s/ Travis Dunsmoor*

TRAVIS DUNSMOOR, ESQ.
Nevada Bar No. 13111
801 South Fourth Street
Las Vegas, Nevada 89101
Attorney for Plaintiff

RICHARD HARRIS
LAW FIRM

6