UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANN CROPPER,<br>    Plaintiff(s),<br>v.<br>WAL-MART STORES, INC.,<br>    Defendant(s). | Case No.: 2:19-cv-00629-JCM-NJK<br>**Order**<br>[Docket Nos. 31, 32] |

Pending before the Court is Defendant's motion for protective order. Docket No. 31. Plaintiff filed a response in opposition, and Defendant filed a reply. Docket Nos. 34, 35. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion for protective order is **DENIED**.[1]

"A party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). What constitutes "reasonable" notice is determined based on the circumstances of each case, taking into account factors such as the need for preparation before the deposition. *See, e.g.*, *Paul v. Winco Holdings, Inc.*, 249 F.R.D. 643, 656 (D. Id. 2008) (citing *in re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005)). In general, the party seeking to avoid discovery bears the burden of persuasion. *Blankenship v.*

---

[1] Defendant also filed a motion for relief from the dispositive motion deadline, Docket No. 32, which is **DENIED** as moot in light of the ruling made herein.

1

*Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).  More particularly, a party will be permitted to avoid a deposition in its entirety only upon making a "strong showing." *Id.*

This case presents a close question.  The subject deposition notice appears on its face to be untimely.  On Friday, April 24, 2020, Plaintiff served a notice for a Rule 30(b)(6) deposition to be conducted for Monday, May 4, 2020.  Docket No. 31-3 at 10.  Hence, the deposition notice provided five business days' notice.  Moreover, Plaintiff seeks testimony from an appropriate corporate representative on 28 topics.  Especially given the preparation necessary for such a corporate deposition, *e.g.*, *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.*, 251 F.R.D. 534, 539 (D. Nev. 2008), the notice that Plaintiff provided does not appear to be reasonable.

On the other hand, counsel and their staff were coordinating deposition scheduling during this period given the upcoming discovery cutoff and complications arising from the COVID-19 pandemic.  On April 14, 2020, a staff-person for defense counsel specifically offered May 4, 2020, as a date for the Rule 30(b)(6) deposition in question.  Docket No. 34-10 at 1.  This Court has long prioritized common-sense cooperation in scheduling depositions, *see, e.g.*, *Olesczuk v. Citizens One Home Loans*, 2016 U.S. Dist. Lexis 153342, at *5-6 (D. Nev. Nov. 4, 2016), which is what appears to have been happening here in the background.  The exact contours of the deposition topics may have been somewhat murky as of April 14, 2020, and a compelling reason has not been advanced why the written notice was not served for another 10 days.  Nonetheless, it seems unduly harsh to disallow a deposition in its entirety in the circumstances of this case when that deposition was set on the date that had been volunteered to accommodate competing scheduling demands during the COVID-19 pandemic.[2]  Moreover, at this stage, Defendant has now had additional time to prepare for the deposition in question given the pendency of the instant motion practice and the previous order vacating the deposition as set.

In the interest of having this case decided on its merits and in the interest of justice, the best course is for the Rule 30(b)(6) deposition to take place.  The parties must meet and confer on

---

[2] The Court is also leery of completely prohibiting a deposition when defense counsel appears to have refused to engage in a rule-compliant meet and confer on this dispute.  *See* Docket No. 34-13 at 2; Docket No. 34-14 at 1; *see also* Local Rule IA 1-3(f) (making clear that a proper meet and confer requires an in-person, telephonic, or video conference).

a new deposition date, which must occur before June 15, 2020.[3]  The dispositive motion deadline is extended to July 15, 2020, and the joint proposed pretrial order is extended to August 14, 2020 (or 30 days after resolution of dispositive motions).  **GIVEN THE PREVIOUS EXTENSIONS IN THIS CASE, THESE DEADLINES ARE FIRM.**

For the reasons stated above, the motion for protective order is **DENIED**.

IT IS SO ORDERED.

Dated: May 13, 2020

Nancy J. Koppe
United States Magistrate Judge

---

[3] Discovery remains closed except with respect to this deposition.